IN THE DISTRICT COURT OF McCLAIN COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| PATRICIA A. LAWSON, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, <br><br> Defendant. | Case No: CJ-16-145 <br><br> FILED IN DISTRICT COURT <br> McClain County, Oklahoma <br><br> JUL 29 2016 <br><br> JURY TRIAL DEMANDED <br> Court Clerk <br> by _____, Deputy |

**PETITION**

COMES NOW Plaintiff, Patricia A. Lawson, and for her causes of action against the Defendant American Bankers Insurance Company of Florida, alleges and states:

1. American Bankers Insurance Company of Florida (hereinafter "American Bankers" or "Defendant") insured Plaintiff's mobile home, adjacent structures and personal property under a "specialty homeowners program" insurance policy number GT89044985 which was issued with an effective date of June 17, 2015.

2. Defendant's insurance policy was in full force and effect when Plaintiff's home and adjacent structures were struck by lightning on or about September 14, 2015. Lightning is a covered cause of loss under Plaintiff's policy.

3. This lightning strike damaged and destroyed Plaintiff's water well and well pump which are specifically covered under Coverage B – Adjacent Structures in Plaintiff's policy.

4. Plaintiff submitted a claim for policy benefits to Defendant in a timely manner, and cooperated with any investigation the Defendant requested and made the property available for inspection and otherwise complied with all conditions precedent to recovery under the policy.

EXHIBIT 2

5.  Defendant acknowledged coverage for this claim with lightning as the covered cause of loss and tendered $4.00 as a claim payment even though Defendant was aware that repair and replacement of the water well and water pump would cost at least $5,176.72 according to estimates obtained and provided to Defendant by Plaintiff.

6.  In handling Plaintiff's claim, Defendant breached the implied covenant of good faith and fair dealing and the insurance contract, in accord with its routine practice for the handling of such claims, in the following respects:

   a.  failing and refusing payment of adjacent structures benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;

   b.  failing to properly and timely investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c.  refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   d.  refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy including restrictions on repairing water well damage which is covered in the adjacent structures coverage;

   e.  refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy regarding coverage for Plaintiff's water well and well pumps;

   f.  failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

   g.  not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims since it was from the start of the claim that Plaintiff's water well would have to be replaced;

   h.  forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

   i.  failing to properly evaluate any investigation that was performed;

j. failing to follow the laws of insurance policy construction, including resolving any ambiguity in favor of coverage for their insured;

k. refusing to consider the reasonable expectations of the insured that the water well and pump were fully covered;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to Defendant.

7. As a direct result of Defendant's actions in wrongfully handling and denying the full amount of Plaintiff's claims. Plaintiff has suffered the loss of policy benefits, economic and consequential damages, emotional and mental distress and embarrassment.

8. Defendant's actions were wanton and reckless or willful and malicious and Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, American Bankers Insurance Company of Florida, for her damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL, ENGEL & COLE

By: *[signature]*
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, Oklahoma 73102
T: (405) 232-4100 ** F: (405) 232-4140
Firm Email: mec@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**